IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| LUIS HERNANDEZ-RAMOS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 06-0578-CV-W-NKL-P |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |
| ) | |

ORDER

Pending before the Court is Petitioner Luis Hernansdez-Ramos's ("Petitioner") Motion [Doc. # 1] to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. For the reasons set forth below, the Motion is denied.

**I.    Background**

On February 2, 2005, law enforcement agents set up a drug buy between a confidential informant and Jesus Anjulo-Lopez. Petitioner accompanied Lopez to the drug buy where he, Lopez, and a third co-defendant were arrested following the sale of 151.69 grams of methamphetamine. The officers found a 9mm Ruger semi-automatic pistol and a loaded 9mm magazine, both manufactured outside of Missouri, within reach of Petitioner under the floor board of the vehicle Lopez was driving. Police also

1

discovered another loaded magazine in Petitioner's coat pocket.  At the time of his arrest, Petitioner admitted that he was in the United States illegally.

Petitioner was charged in a two-count indictment on March 3, 2005, with conspiracy to distribute more than 50 grams of methamphetamine and possession of a firearm by an illegal alien.  In the presence of Court-appointed counsel Melanie Morgan and an interpreter, Petitioner pleaded guilty to both charges on August 26, 2005, before United States Magistrate Judge Robert E. Larsen.  During the change of plea hearing, Judge Larsen read both counts of the indictment and asked whether Petitioner understood them.  Petitioner answered in the affirmative.  Judge Larsen informed Petitioner of the range of sentences carried by each charge, as well as the rights that he would be waiving by pleading guilty.  Among these rights were the right to trial by jury and the right to appeal an unfavorable verdict.  Again, Petitioner answered in the affirmative that he understood he was waiving these rights by pleading guilty.  Judge Larsen told Petitioner that he would be placed under oath, which meant that he had to tell the truth.  Judge Larsen did not tell Petitioner that lying under oath might subject him to charges of perjury.  Petitioner stated that he understood he had to tell the truth.

The Court administered the oath, and Petitioner then testified that he had intentionally committed the illegal acts alleged by the United States.  Petitioner further testified that he understood there was no plea agreement as to his sentence and that the government had merely agreed not to bring a superseding indictment if he pleaded guilty to the current charges.  Finally, Judge Larsen asked whether Petitioner was satisfied with

2

the representation rendered by Ms. Morgan. Petitioner answered in the affirmative and further testified, "I've always asked her for advice, and she's given me good advice." Judge Larsen accepted the guilty pleas and held Petitioner over for sentencing before this Court. On November 18, 2005, the Court sentenced Petitioner to 135 months' imprisonment to be followed by five years of supervised release and a $200 fine. No direct appeal was taken to the sentence.

Petitioner claims to have sent two letters to his counsel following his sentencing. The first letter, dated November 20, 2005, asked Ms. Morgan to file an appeal of his sentence. The second letter, dated April 23, 2006, asked Ms. Morgan to update him on the status of his appeal and to send him a copy of his file. Petitioner's counsel responded to the April 23 letter by sending him a copy of his file. She acknowledged Petitioner's interest in appealing his case, but erroneously informed him that he had waived his right to appeal during his change of plea. She correctly informed him that, in any event, the time for filing a direct appeal had expired. The United States has also submitted an affidavit signed by Ms. Morgan stating that she notified Petitioner on November 23, 2005, of the deadline for filing notice of appeal. She further states that she never received his November 20, 2005 letter, and that at no time did he ever ask her to file an appeal. She states that, in fact, he told her he did not wish to appeal when she spoke to him in person in late November or early December. Ms. Morgan has also stated that she would have filed an appeal had she been asked to do so, even though she thought it was frivolous.

3

## II. Discussion

Petitioner asserts four grounds in his § 2255 Motion to vacate his sentence. He argues that Judge Larsen did not properly advise him during his plea hearing, as required under Federal Rule of Criminal Procedure 11, (1) that he could be prosecuted for perjury if he gave false statements, (2) that he had the right to plead not guilty or to persist in his earlier plea of not guilty, and (3) that in pleading guilty he was waiving his right to appeal or collaterally attack the sentence. He further argues that counsel rendered ineffective assistance by failing to file a timely notice of appeal as instructed.

### A. Right to Appeal

When accepting a guilty plea, the Federal Rules provide that "the court must inform the defendant of, and determine that the defendant understands, . . . the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence." Fed. R. Crim. P. 11(b)(1)(N). There was no plea agreement under which Petitioner waived his right to appeal or collaterally attack the sentence. Thus, subsection (N) of Rule 11(b)(1) is inapplicable to this case.

### B. Right to Plead Not Guilty and Criminal Liability for Perjury

Rule 11 requires the court to inform a defendant who pleads guilty of "the government's right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath." Fed. R. Crim. P. 11(b)(1)(A). The Rule also requires the court to inform a defendant that he has "the right to plead not guilty, or having already so pleaded, to persist in that plea." Fed. R. Crim. P.

4

11(b)(1)(B).  The transcript of Petitioner's change of plea hearing shows that Judge Larsen informed Petitioner, and that Petitioner understood, that he had to state facts to support his guilty plea under oath and that when doing so he had to tell the truth; however, Judge Larsen did not explicitly say that Petitioner might be subject to perjury charges if he made any false statements.  Judge Larsen also informed Petitioner, and Petitioner understood, that in pleading guilty he was waiving his right to trial by jury at which he could, but was under no obligation to, present evidence that he was not guilty; however, Judge Larsen did not expressly say that Petitioner had the right to plead not guilty or to persist in his not guilty plea.

The Supreme Court has held that the formal requirements of Rule 11 are "neither constitutional nor jurisdictional."  *U. S. v. Timmreck*  441 U.S. 780, 785 (1979). Accordingly, formal violations of Rule 11 cannot support a collateral attack on a sentence under § 2255 absent a showing that the violation resulted in a "complete miscarriage of justice" or in a proceeding "inconsistent with the rudimentary demands of fair procedure" *Id* at 784.  Moreover, the Eighth Circuit has held that even so grave a violation as failing to explain the indictment to the defendant during a plea hearing is nonetheless a formal violation. *Harvey v. U.S.*  850 F.2d 388, 395 (8th Cir. 1988).  Unless such a violation caused a "miscarriage of justice," violated the "rudimentary demands of fair procedure," or was made in a case presenting "exceptional circumstances," it cannot support a § 2255 Motion.  *Id.*

In the present case, Judge Larsen explained that Petitioner had to tell the truth when testifying under oath. He explained that Petitioner could go to trial if he wanted and either argue that he was not guilty or rely on the presumption of innocence. Petitioner stated that he understood both of these concepts. He has offered no evidence that Judge Larsen's explanations resulted in a miscarriage of justice or were inconsistent with the rudimentary demands of fair procedure. These formal violations of Rule 11 do not warrant relief under 28 U.S.C. § 2255.

### C. Ineffective Assistance

Overturning a sentence for ineffective assistance of counsel generally requires a showing that defense counsel's representation fell below the objective standard of reasonableness as measured by the prevailing norms of professional competence, and that but for the errors of counsel, the outcome of the trial would have been more favorable to the defendant. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). However, where the ineffective assistance of counsel alleged deprives a defendant of his right to appeal, courts have not required a showing of prejudice or of likely success on appeal. *Estes v. United States*, 883 F.2d 645, 649 (8th Cir. 1989). If the motion, files, and records of the case are inconclusive regarding whether the petitioner instructed his counsel to file an appeal, the Court should hold an evidentiary hearing to determine whether the request was made. *Id.*

The Motions, files, and records of this case are not inconclusive. The only evidence offered by Petitioner that he ever asked counsel to appeal within the limited time
6

In the present case, Judge Larsen explained that Petitioner had to tell the truth when testifying under oath. He explained that Petitioner could go to trial if he wanted and either argue that he was not guilty or rely on the presumption of innocence. Petitioner stated that he understood both of these concepts. He has offered no evidence that Judge Larsen's explanations resulted in a miscarriage of justice or were inconsistent with the rudimentary demands of fair procedure. These formal violations of Rule 11 do not warrant relief under 28 U.S.C. § 2255.

### C. Ineffective Assistance

Overturning a sentence for ineffective assistance of counsel generally requires a showing that defense counsel's representation fell below the objective standard of reasonableness as measured by the prevailing norms of professional competence, and that but for the errors of counsel, the outcome of the trial would have been more favorable to the defendant. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). However, where the ineffective assistance of counsel alleged deprives a defendant of his right to appeal, courts have not required a showing of prejudice or of likely success on appeal. *Estes v. United States*, 883 F.2d 645, 649 (8th Cir. 1989). If the motion, files, and records of the case are inconclusive regarding whether the petitioner instructed his counsel to file an appeal, the Court should hold an evidentiary hearing to determine whether the request was made. *Id.*

The Motions, files, and records of this case are not inconclusive. The only evidence offered by Petitioner that he ever asked counsel to appeal within the limited time

for doing so is a copy of a hand-written letter he claims to have mailed on November 20, 2006, two days after his sentencing. Other than his sworn affidavit, Petitioner has offered no evidence that the letter was actually mailed or how, if it had been mailed, he retained a copy of it. Moreover, Petitioner's trial counsel has offered a sworn affidavit contradicting Petitioner's claim. She states that she never received the November 20 letter and that when she spoke with Petitioner shortly after his sentencing, he indicated that he did not want to appeal. She did receive the typed-letter he mailed in April 2006 asking for a copy of the documents she had given to the court of appeals. She sent a response in early May, enclosing a copy of his court file. In this letter, Ms. Morgan stated that she was aware of his interest in appealing his sentence. She incorrectly told him that he had waived his right to appeal in a plea agreement, but she correctly advised him that his time for filing an appeal had lapsed. She also states in her affidavit that, had she been asked to appeal, she would have done so even if she thought an appeal was frivolous. Based on the record before the Court, there is no reason to believe that Petitioner actually asked his lawyer to file an appeal within the time limit for doing so. He suffered no ineffective assistance of counsel entitling him to relief under 28 U.S.C. § 2255.

**III.     Conclusion**

Accordingly, Petitioner's Motion [Doc. # 1] to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 is DENIED.

IT IS SO ORDERED.

7

s/ NANETTE K. LAUGHREY  
											NANETTE K. LAUGHREY  
											United States District Judge

Dated:  November 13, 2006  
Jefferson City, Missouri